## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:04CR278** |
| **vs.** | ) | |
| | ) | **REPORT AND** |
| **MIGUEL SUAREZ-PEREZ,** | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS, alleging a violation of the Speedy Trial Act (#47).[1]  The motion was heard on June 8, 2005, at which time the matter was deemed submitted.  The court has considered the parties' arguments and has taken judicial notice of the filings docketed in this case.  For the reasons explained below, I recommend that the motion be denied.

## LEGAL ANALYSIS

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1988), requires that a criminal defendant be tried within 70 days of the indictment or the date of first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1).  If the government fails to bring the defendant to trial within the 70-day time limit,"the information or indictment shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2); *see United States v. Dezeler*,

---

[1]The motion addresses statutory issues only.  No constitutional issues were raised by the defendant.

81 F.3d 86, 88 (8th Cir. 1996). Under § 3161(h), certain delays must be excluded for purposes of calculating the 70-day time limit.[2]  In his brief and during oral argument,

_____

[2] 18 U.S.C. § 3161(h) provides, in pertinent part:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from *other proceedings concerning the defendant*, including but *not limited* to–

* * * *

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

* * * *

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

* * * *

(8)(A) Any period of delay resulting from a continuance granted *by any judge on his own motion* or at the request of the defendant or his counsel or at the request of the attorney for the Government, *if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial*. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B)  The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant

defendant expounded upon several arguments concerning the amount of time that may be properly excluded.

## I.  GENERAL PRINCIPLES

### A.  *Starting the Clock*

Defendant initially appeared and was arraigned on June 9, 2004.  Thus, the speedy trial calculation began the next day on June 10, 2004.  *See United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990).

### B.  *Delays Resulting from Pretrial Motions*

The time excludable while a motion is under advisement is governed by § 3161(h)(1). Section 3161(h)(1)(F) excludes all delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Section 3161(h)(1)(J) excludes the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  The Eighth Circuit has explained that § 3161(h)(1)(J)

---

reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

* * * *

(Emphasis added).

-3-

permits the exclusion given in § 3161(h)(1)(F) to continue up to 30 days after the court

receives all the parties' submissions regarding the motion:

> The Supreme Court has interpreted language of section 3161(h)(1)(F) to mean
> that when a pretrial motion requires a hearing, the excludable period runs from
> the filing of the motions to the date of the hearing, or until the date when the
> parties have submitted any additional materials requested by the court.   When
> the motions require no hearing, the excludable period runs from the date of
> filing until the court receives all the parties' submissions regarding the
> motions.   *Henderson v. United States*, 476 U.S. 321, 328-31 [] (1986).
> Following this period excluded under section 3161(h)(1)(F), the Act will allow
> exclusion of up to 30 more days for the court to consider the motions.   18
> U.S.C. § 3161(h)(1)(J);   *see also, Henderson*, 476 U.S. at 328-31[.]

*United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990); *see also United States v. Driver*,

945 F.2d 1410, 1413 (8th Cir. 1991), *cert. denied*, 502 U.S. 1109 (1992).

Significantly, persuasive authority exists that § 3161(h)(1)(F) excludes the post-

hearing period during which the district court is awaiting preparation of a transcript of the

hearing:

> District courts often find it necessary to review the transcript of a hearing on
> a pretrial motion in order to rule on the motion. Indeed, we suspect that such
> transcripts are often more important than the posthearing submissions by
> counsel that were discussed in *Henderson* [*v. United States*, 476 U.S. 321
> (1986)]. Therefore, we believe that 18 U.S.C. § 3161(h)(1)(F) must be
> interpreted to require the exclusion of a period after a pretrial motion during
> which the court is awaiting the preparation of a transcript needed to rule on the
> motion. As the government observes ... , "[i]f the district court had ordered the
> parties to submit the transcript in this case, there appears to be no question that
> the time period would be excludable under [*Henderson.* ]  That the district
> court ordered the transcript, on its own motion, should not alter the result."

*United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992).

-4-

### C.   *Continuances in the Interests of Justice*

Under 18 U.S.C. § 3161(h)(8)(A), periods of time not attributable to the filing of pretrial motions may be excluded from any speedy trial calculation "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  This provision applies to continuances granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."

### D.   *Delay Resulting from "Other Proceedings Concerning the Defendant"*

Section 3161(h)(1) generally excludes periods of delay resulting from "other proceedings concerning the defendant," including but not limited to the items listed therein.

## II.  FINDINGS REGARDING EXCLUDABLE TIME

In accordance with these principles, I find that the following periods of time are excludable under the Speedy Trial Act:

| Date(s) | Reason(s) |
|---|---|
| June 9, 2004 | Defendant's initial appearance and arraignment |
| July 6, 2004 | Trial Order entered, setting trial for August 3, 2004 ("other proceeding" concerning the defendant generally excludable under § 3161(h)(1)) |
| July 15, 2004 | Amended Trial Order entered continuing trial to August 10, 2004 ("other proceeding" concerning the defendant generally excludable under § 3161(h)(1)) |

-5-

| Date(s) | Reason(s) |
|---|---|
| August 6 through August 9, 2004 | Defendant's Motion #15 (to continue trial and extend the deadline for filing pretrial motions) pending |
| August 9, 2004 through September 13, 2004 | Order #16 granting defendant's motion for extension and excluding time "in the interests of justice." |
| August 17, 2004 through December 7, 2004 | Excluded per filing of Motion to Suppress #17; Evidentiary hearing held Oct.15, 2004; transcript filed Nov. 7, 2004; Report & Recommendation (#27) filed Dec. 7, 2004. §§ 3161(h)(1)(F) & (J). |
| December 8, 2004 through January 6, 2005 | Report & Recommendation pending 30 days before Judge Smith Camp.  § 3161(h)(1)(J). |
| January 18, 2005 | Order filed adopting Report & Recommendation ("other proceeding" concerning the defendant generally excludable under § 3161(h)(1)). |
| January 20, 2005 | Trial Order filed ("other proceeding" concerning the defendant generally excludable under § 3161(h)(1)). |
| February 3, 2005 through March 3, 2005 | Defense counsel's motion to withdraw, filed Feb. 3, 2005; hearing held Feb. 10, 2005; substitute counsel appointed Feb. 15, 2005 and given until March 3, 2005 to file pretrial motions.  *See* § 3161(h)(1)(F) and *United States v. Yerkes*,  345 F.3d 558, 562 (8th Cir. 2003). |
| March 8, 2005 | Trial Order filed ("other proceeding" concerning the defendant generally excludable under § 3161(h)(1)). |
| March 10, 2005 through March 25, 2005 | Defendant requests permission to enter a plea of guilty; plea hearing set for March 25, 2005.  "The time between 3/10/05 and the hearing on the anticipated plea of guilty is excluded for purposes of computing the limits under the Speedy Trial Act." |

-6-

| Date(s) | Reason(s) |
|---|---|
| March 23, 2005 through April 27, 2005 | Plea hearing continued to April 27, 2005, on defendant's motion. "The time between 3/23/05 and the hearing on the anticipated plea of guilty is excluded for purposes of computing the limits under the Speedy Trial Act." |
| April 26, 2005 through May 17, 2005 | Court grants defendant's oral motion to cancel the plea hearing and return the matter to the trial docket. The time between April 27, 2005 and May 17, 2005 held excludable. |
| May 7, 2005 through Present | Defendant files Motion to Dismiss on Speedy Trial Grounds (#47); hearing held and motion submitted for Report & Recommendation on June 8, 2005. |
| June 29, 2004 through August 5, 2004 | Excluded by Order Nunc Pro Tunc (#29). This order amended the court's August 9, 2004 order, which had been entered in error. The effect of the order nunc pro tunc was to exclude time dating from the original date for filing pretrial motions, which should have been done in the first instance. |

Defendant takes particular exception to the Order nunc pro tunc (#29) filed on January 20, 2005. Pretrial motions were originally due June 29, 2004 (see #7), but prior defense counsel did not seek an extension of this deadline until August 6, 2004 (see #15). In this district, when a defendant seeks an extension of the deadline for filing pretrial motions, an extension may be granted (a) for good cause shown, *and* (b) upon the condition that the defendant waive the intervening time under the Speedy Trial Act. *See* NECrimR 12.3(a). The original order (#16) granting the extension of time did not exclude the proper time period, requiring the entry of a corrective order. The Order nunc pro tunc makes the specific

-7-

finding that an exclusion of time from June 29, 2004 through September 13, 2004 is in the interests of justice because prior defense counsel required additional time to prepare the case. The Order nunc pro tunc was served on defense counsel and no timely objection was filed, tending to negate defendant's current argument that the order somehow violated his right to due process. While present counsel may disagree with former counsel's handling of the case, that disagreement does not merit a finding that defendant's rights under the Speedy Trial Act have been violated. Therefore, I specifically find that the Order nunc pro tunc permissibly excluded time pursuant to § 3161(h)(8)(A), which allows the exclusion of "any period of delay resulting from a continuance granted by any judge on his own motion ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Order nunc pro tunc meets these requirements.

Thus, the record shows that the following dates have been "used":

| | |
|---|---|
| June 10 through June 28, 2004 | 19 days |
| January 7 through January 17, 2005 | 11 days |
| January 19, 2005 | 1 day |
| January 21, 2005 through | |
| February 2, 2005 | 13 days |
| March 4 through March 7, 2005 | 4 days |
| March 9, 2005 | 1 day |
| | ——— |
| | 49 days |

Seventy days have not elapsed under the Speedy Trial Act.

-8-

## RECOMMENDATION

In summary, this court has entered orders on at least five (5) separate occasions attempting to schedule a trial in this case.  Aside from one seven-day extension on the court's own motion (#14, which did not exclude any time), and a three-day extension of time for the suppression hearing (*see* #21, which did not result in any additional excludable time), all the delays in this case have been occasioned by requests from the defendant, sought in the defendant's own interests.   Defense counsel received timely notice of all exclusions of time and filed no timely objections thereto.  While present counsel may, in hindsight, disagree with the actions of prior counsel, that disagreement does not merit any finding that defendant's rights under the Speedy Trial Act have been violated.  Seventy days have not elapsed under the Speedy Trial Act.

**IT THEREFORE IS RECOMMENDED** that defendant's MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS (#47) be denied.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation  by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation.  The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED July 5, 2005.**

**BY THE COURT:**

**F.A. Gossett**
**United States Magistrate Judge**

-9-