IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR278 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| MIGUEL SUAREZ-PEREZ, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 54) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to dismiss filed by the Defendant, Miguel Suarez-Perez (Filing No. 47). Suarez-Perez filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 55, 56) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Suarez-Perez is charged in a one-count Indictment with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Suarez-Perez seeks an order dismissing his case on grounds that his statutory right to a speedy trial has been violated. The motion is specifically filed pursuant only to 18 U.S.C. § 3162 and does not raise any constitutional issues.

Following an evidentiary hearing on the Motions, Magistrate Judge F.A. Gossett issued a Report and Recommendation in which he: found very specific facts relating to the running of the Defendant's speedy trial clock; and concluded that the Defendant's right to a speedy trial has not been violated. Judge Gossett noted that several continuances have

been requested by the defense and also that the defense has not previously objected to or appealed from any orders including speedy trial exclusions.

On the basis of these determinations, Judge Gossett recommended that Suarez-Perez's motion to suppress be denied. Suarez-Perez objected to the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the facts relevant to the Defendant's speedy trial calculation. The Court has considered the transcript of the hearing conducted by the Magistrate Judge on June 8, 2005 (Filing No. 57). The Court also carefully viewed the docket sheet, noting that Judge Gossett took judicial notice of this information at the evidentiary hearing. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings with one exception indicated below.

## FACTUAL BACKGROUND

Following is an abbreviated version of Judge Gossett's factual findings concerning the Defendant's speedy trial calculation, incorporating this Court's amendment, indicating the days that have "run" on the speedy trial clock.

**June 10, 2004, through June 28, 2004** - From the day following the initial appearance (Filing No. 8) to the day prior to the original pretrial motion deadline (Filing No. 7).  **19 days** used.

**January 7, 2005, through January 17, 2005** - Days used in addition to the 30 days allowed under 18 U.S.C. § 3161(h)(1)(J) before the district judge's Memorandum and Order (Filing No. 28) adopting the Magistrate Judge's Report and Recommendation (Filing No. 27) regarding the Defendant's motion to suppress.  **11 days** used.

**January 19, 2005** - Day used between the January 18, 2005, Memorandum and Order of the district judge (Filing No. 28) adopting the Magistrate Report and Recommendation regarding the Defendant's motion to suppress and the January 20, 2005, trial order (Filing No. 30).  **1 day** used.

**January 21, 2005, through February 2, 2005** - Days used after the filing of the January 20, 2005, trial order (Filing No. 30) until the filing of former defense counsel's February 3, 2005, motion to withdraw (Filing No. 31).  **13 days** used.

**February 16, 2005, through March 7, 2005** - Days used after the February 15, 2005, order appointing new counsel and setting a new deadline for the filing of pretrial

motions (Filing No. 35) and before the filing of the March 8, 2005 trial order (Filing No. 37). **20 days** used.[1]

**March 9, 2005** - Day used after the filing of the March 8, 2005 trial order (Filing No. 37).  **1 day** used.

The Court finds that a **subtotal of 65 days** were used as of the date of the filing of Judge Gossett's July 5, 2005, Report and Recommendation (Filing No. 54) relating to the Defendant's motion to dismiss.  At this time, the Court finds that all of the time until trial is excluded pursuant to Judge Gossett's order granting the Defendant's motion to continue trial.  (Filing No. 49.)

The Defendant specifically discusses two of Judge Gossett's orders.  The first order, entered on August 9, 2004, granted the Defendant's request to continue the trial.  The Defendant's request did not include a request for a speedy trial waiver, nor was a speedy trial affidavit filed as required, unless excused, by NELR 12.1(a).[2]  In granting the motion,

---

[1]This Court's amendment is reflected in this paragraph.  The order setting a new pretrial motion deadline did not include a speedy trial exclusion or any weighing of the relevant factors, and the Court cannot locate in the record any subsequent findings required by 18 U.S.C. § 3161(h)(8)(A); *United States v. Yerkes,* 345 F.3d 558, 562 (8th Cir. 2003; *United States v. Stackhouse,* 183 F.3d 900, 901 (8th Cir. 1999); *United States v. Clifford,* 664 F2d 1090, 1095 (8th Cir. 1981).  Judge Gossett, in his calculation, excluded this time.

[2]The record is silent as to the lack of a speedy trial affidavit or the presence of an excuse in this specific situation.  Given the nature of the request for the continuance, the reasoning expressed by Judge Gossett in excluding speedy trial, and Judge Gossett's general strict adherence to this general requirement, the record strongly suggests that Judge Gossett excused this requirement in this particular situation.  The Court adds that had defense counsel strictly abided by NECrimR 12.1(a) and presented an affidavit, the Defendant's expectations would have been clear with respect to speedy trial from the outset.  In any event, where delay is attributable to a defendant, the defendant is deemed to have waived the time.  *United States v. Green,* 526 F.2d 212, 215 (8th Cir. 1975).

apparently due to the nature of the continuance relating to evidence only recently provided by the government to the defense, Judge Gossett also continued the pretrial motion deadline. (Filing No. 16.) Judge Gossett excluded the time between August 6, 2004,[3] and September 13, 2004, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B), specifying ends-of-justice and miscarriage-of-justice reasons. (Filing No. 16.)

Judge Gossett's second order was entered nunc pro tunc on January 20, 2005. (Filing No. 29.) The order stated that the August 9, 2004 (Filing No. 16) order was "entered in error." The nunc pro tunc order then specifically stated that paragraph 3 of the August 9, 2004, order was "amended" through the speedy trial exclusion that followed. The nunc pro tunc exclusion was identical to the exclusion in the previous order, except the beginning date of the exclusion was changed to June 29, 2004.[4] (Filing No. 29.)

The only speedy trial waiver signed by the Defendant appearing in the record is the waiver regarding the Defendant's motion to continue trial, based in turn on the filing of the Defendant's motion to dismiss based on speedy trial grounds. (Filing No. 51.) The record does not reflect any such affidavits accompanying any of the Defendant's motions to continue that precede the filing of the motion to dismiss. (*See* Docket Entry of 03/23/05 (oral motion to continue change of plea hearing), Filing No. 15 (motion to continue trial).)[5]

---

[3]August 6, 2004, was the date of the filing of the Defendant's motion to continue. (Filing No. 15.)

[4]June 29, 2004, was the pretrial motion deadline in the progression order (Filing No. 7) entered prior to the order (Filing No. 16) granting a continuance of that deadline.

[5]In the motion to continue trial, defense counsel states that the Defendant agreed to the time until trial being excluded so that his motion to dismiss could be considered. (Filing No. 46.)

5

## ANALYSIS

The Defendant objects to the following portions of Judge Gossett's Report and Recommendation:

1.   Page 1, footnote 1 - Judge Gossett's statements that the motion addresses only statutory issues, and that the Defendant did not raise any constitutional issues;

2.   Pages 7-8 - Judge Gossett's finding that his nunc pro tunc order (Filing No. 29) permissibly excluded time pursuant to 18 U.S.C. § 3161(h)(8)(A), arguing that the order was constitutionally flawed;

3.   Pages 5-6 - Judge Gossett's finding that the trial orders entered on July 6, 2004, January 20, 2005, and March 8, 2005, result in excludable days because the orders constitute "other proceedings" pursuant to 18 U.S.C. § 3161(h)(1);

4.   Page 6 - Judge Gossett's finding that the district judge's Memorandum and Order (Filing No. 28) adopting his Report and Recommendation results in an excludable day because the order constitutes another proceeding pursuant to 18 U.S.C. § 3161(h)(1);

5.   Page 4 - Judge Gossett's finding that the excludable time with respect to the motion to suppress included the time until the filing of the transcript of the hearing on the motion pursuant to 18 U.S.C. § 3161(h)(1)(F); and

6.   Page 6 - Judge Gossett's finding that both the Magistrate Judge and the district court are allowed 30 excludable days to consider the motion to suppress pursuant to 18 U.S.C. § 3161(h)(1)(J).

The objections are discussed below.

**I.    NUNC PRO TUNC ORDER**

The Defendant argues that Judge Gossett's nunc pro tunc order correcting the date of the period excluded under the Speedy Trial Act in Judge Gossett's previous order was entered without any basis in the record and in violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* and the Fifth Amendment Due Process and Ex Post Facto Clauses.

Although neither the Eighth Circuit nor the District of Nebraska appears to have decided the issue of a nunc pro tunc order excluding speedy trial, the general rule prevalent in numerous other jurisdictions is that continuances, particularly of the ends-of-justice nature, may not be entered nunc pro tunc. *See, e.g., United States v. Carey,* 746 F.2d 228, 230 (4th Cir.1984). However, under certain circumstances these jurisdictions also recognize ex post facto ends-of-justice and other findings necessary for a speedy trial exclusion well after a continuance has been granted, even as late as the filing of a motion to dismiss based on Speedy Trial Act grounds. Appropriate circumstances allowing such an exclusion include a clear showing on the record that a court conducted the mandatory balancing contemporaneously with the granting of the continuance. *See, e.g., United States v. Doran,* 882 F.2d 1511, 1516-17 (10th Cir.1989); *United States v. Brenna,* 878 F.2d 117, 121 (3d Cir. 1989); *United States v. Elkins,* 795 F.2d 919, 924 (11th Cir. 1986); *Crane,* 776 F.2d at 606-07; *United States v. Tunnessen,* 763 F.2d 74, 76-77 (2d Cir.1985); *United States v. Carey,* 746 F.2d 228, 230 (4th Cir.1984); *United States v. Bryant,* 726 F.2d 510, 510 (9th Cir.1984); *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980). This accommodation is available to a court that properly considered the factors inherent in a speedy trial analysis at the appropriate time, but the mechanism is not available as a

7

cure nunc pro tunc for a known violation of the Speedy Trial Act. *United States v. Frey,* 735 F.2d 350, 353 (9th Cir. 1984).

Applying these principles to the instant case, it is clear that the continuance was granted in a timely manner and included the appropriate language clearly showing that Judge Gossett properly weighed the considerations necessary for ends-of justice and miscarriage-of-justice exclusions. The nunc pro tunc order was clearly entered for the reason stated – error. The nunc pro tunc order correctly excluded the time from the original pretrial motion deadline. The record clearly shows that the nunc pro tunc order was not entered in an attempt to remedy a violation of the Speedy Trial Act.

The objection based on statutory and constitutional grounds is denied.

## II.     "OTHER PROCEEDINGS" - 3161(H)(1)

### A.     *Memorandum and Order Adopting Report and Recommendation*

The Defendant argues that the Memorandum and Order adopting the Report and Recommendation regarding the motion to suppress does not fall within the category of "other proceedings" within the meaning of 3161(h)(1). Section 3161(h)(1) excludes time for "[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to*" several enumerated examples. 18 U.S.C. § 3161(h)(1) (emphasis added). The Eighth Circuit Court of Appeals has recognized the broad reach of this subsection. *See United States v. Titlbach,* 339 F.3d 692, 698 (8th Cir. 2003) (discussing time used for deciding pretrial motions); *United States v. Van Someren,* 118 F.3d 1214, 1217 (8th Cir 1997) (excluding time during which the government decided whether to retry the defendant); *United States v. Hohn,* 8 F.3d 1301, 1304 (8th Cir. 1993) (excluding time for consideration of a petition filed by pretrial services). In *Hohn,* the Eighth

Circuit very specifically referred to the non-exclusive language of § 3161(h)(1), stating that the language "creat[es] in the statute the presumption that the scope of its enumerated delays are not to be interpreted narrowly." *Hohn,* 8 F.3d at 1304.

The Court finds that the day in question is properly excluded under the broad language of § 3161(h)(1). The objection is denied.

### B.   *Trial Orders*

The Defendant also argues that trial orders do not constitute "other proceedings" within the meaning of 3161(h)(1). These orders, pertinent insofar as they schedule trial and alert counsel as to limitations to be followed in requesting any motion to continue, also fall within the broad exclusion envisioned by § 3161(h)(1). The Defendant has not provided any persuasive authority indicating either that a narrow interpretation of § 3161(h)(1) is appropriate or that this subsection cannot be interpreted to exclude Judge Gossett's trial orders. The objection is denied.

### III.   AWAITING A TRANSCRIPT - 3161(H)(1)(F)

Eighth Circuit case law is replete with examples of exclusions pursuant to § 3161(h)(1) for instances involving a court's need to assemble necessary materials, including parties' objections and transcripts in order to properly consider a motion. *Van Someren,* 118 F3d at 1217 (materials needed to properly dispose of a motion); *United States v. Blankenship,* 67 F.3d 673, 677 (8th Cir. 1995) (filing of a transcript). *See also Henderson v. United States,* 476 U.S. 321, 331 (1986) (all materials that place a court in a position to dispose of a motion, including post-hearing briefs and other factual materials). In deciding the Eighth Circuit's landmark case, *Blankenship,* the circuit court determined that the transcript was necessary for the court to decide a motion, and suggested "that

9

judges hearing motions in criminal cases who need to receive additional evidence or materials before they can consider the matter submitted, indicate on the record or by an order placed in the file the necessity for the materials and the fact that the motion will not be deemed submitted until the specifically identified case materials are on file." *Blankenship,* 67 F.3d at 677.

In Suarez-Perez's case, Judge Gossett specifically stated at the end of the hearing that the motion to suppress would be submitted upon the filing of the transcript, as suggested in *Blankenship*, without objection by counsel. (Filing No. 26, at 64:20-65:1.) As considered previously by the Eighth Circuit, a transcript of the hearing held before the magistrate judge certainly falls within factual material needed for a district judge to perform a de novo examination of the Defendant's motion to suppress. Therefore, the exclusion is proper under § 3161(h)(1) and the Defendant's objection is denied.

### IV. 30 DAYS FOR BOTH MAGISTRATE AND DISTRICT JUDGES TO CONSIDER DISPOSITIVE MOTIONS- 3161(H)(1)(J)

Suarez-Peres argues that 18 U.S.C. § 3161(h)(1)(J) does not allow for a 30-day period for both a magistrate judge and a district judge to consider the same motion. His argument has been foreclosed by the Eighth Circuit:

> Subsection (J) provides that a period of 30 days "during which any proceeding concerning the defendant is actually under advisement by the court" is excluded from the statutory speedy trial calculation. 18 U.S.C. § 3161(h)(1)(J). *This 30-day period of allowable delay applies to magistrate judges as well as to district judges. United States v. Long,* 900 F.2d 1270, 1275 (8th Cir.1990).

*Blankenship,* 67 F.3d at 676 (emphasis added).

The objection is denied.

## V.   CONSTITUTIONAL ISSUES

The Defendant's motion specifically stated that it was filed pursuant to 18 U.S.C. § 3162. The Court finds no mention of constitutional issues in the motion, the brief in support of the motion, or at the evidentiary hearing. The Defendant raised constitutional issues for the first time in the objections to the Report and Recommendation, and the Court considers any constitutional issues raised in the objections as having been waived. *United States v. Kress,* 88 F.3d 664, 666 (8th Cir. 1996) (stating that a double jeopardy claim first raised in the Defendant's objections to then Magistrate Judge Kathleen Jaudzemis's report and recommendation "may well have been waived"). The nature of the process prescribed by 28 U.S.C. § 636 of having a magistrate judge consider the issues raised by a party, hold a hearing and issue a report and objection is that the district court delegates the matter to the magistrate judge for findings of fact and conclusions of law. Where a party first raises an issue upon objection to a magistrate judge's report and recommendation the district court is asked to determine issues that have not been heard or considered below, which negates the entire process.

Nevertheless, the Court will briefly address the constitutional issues on their merits.

### A.   *Sixth Amendment*

A Sixth Amendment violation is rarely found absent a statutory violation. The factors to be considered are: the length of the asserted delay; the reason for delay; whether the defendant asserted the right to a speedy trial; and whether the defendant suffered any prejudice. *Barker v. Wingo,* 407 U.S. 514, 530 (1972) (cited in *United States v. Titlbach,* 339 F.3d 692, 699 (8th Cir. 2003)).

### 1. Was the Delay Uncommonly Long

As explained in *Doggett v. United States,* 505 U.S. 647, 651-52 (1992), this first factor consists of two inquiries. First, a defendant must show that the interval between indictment and arrest "crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.* at 652 (quoting *Barker,* 407 U.S. at 530-31). If that showing is made, then the Court must consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* The two questions are related inasmuch as the presumption that the delay has caused prejudice intensifies with the length of the delay. *Id.* With respect to these interrelated prongs, the Eighth Circuit has stated that, while the length of the delay required for further inquiry varies with the facts of each case, "generally" a delay of one year is presumptively prejudicial. *United States v. Brown,* 325 F.3d 1032, 1035 (8th Cir. 2003); *United States v. Sprouts,* 282 F.3d 1037, 1042 (8th Cir. 2002); *United States v. Walker,* 92 F.3d 714, 717 (8th Cir. 1996). In Suarez-Perez's case, almost every delay was caused by the defense. The lengthiest delays were due to the Defendant's request for new counsel and the Defendant's representation that he would plead guilty. The Court determines that the extent to which the almost 14-month delay extended beyond the one-year threshold does not support the existence of presumptive prejudice sufficient to trigger an inquiry of the remaining *Barker* factors. *Walker,* 92 F.3d at 717. Accordingly, this factor weighs in the government's favor. Nevertheless, the Court will briefly address the remaining factors.

### 2. Responsibility for the Delay

The defense is responsible for almost every delay. This factor weighs heavily against the Defendant.

### 3. Asserting the Defendant's Right to a Speedy Trial

Suarez-Perez complains that the delays in his case in part were caused by a change in counsel. However, the change of counsel was at his request. (Filing No. 31.) He did not assert his right to a speedy trial until the filing of the motion to dismiss, almost one year after his indictment. This factor weighs heavily against the defense.

### 4. Prejudice

The amount of prejudice required is related to the reasonableness with which the government pursues a defendant. *Doggett,* 505 U.S. at 654-58; *Brown,* 325 F.3d at 1034-35; *Walker,* 92 F.3d at 719. The *Doggett* Court specifically addressed the issue as to whether Doggett failed to make out a successful speedy trial claim because he did not show actual, or precise, prejudice. *Doggett,* 505 U.S. at 654. The Court explained its position through examples. First, if the government pursues a defendant with reasonable diligence, the speedy trial claim would generally fail despite the length of the delay, unless the defendant is able to show specific prejudice. *Id.* At the other end of the spectrum, if the government delays to gain a tactical advantage, this "official bad faith" would weigh heavily against the government and present an "overwhelming case for dismissal." *Id.* Cases of "official negligence" occupy the middle-ground. *Id.* at 656-58.

Turning to Suarez-Perez's case, the first motion to continue trial was based on defense counsel's recent discovery of a videotape of the Defendant's traffic stop. (Filing No. 15.) At the Defendant's request, trial was continued approximately 30 days. (Filing No. 16.) The hearing on the motion to suppress was continued for 3 days on the government's oral motion for a reason that does not appear in the record. (Filing No. 21.) On March 10, 2005, on defense counsel's representation that the Defendant would plead, a change of

plea hearing was set for March 25, 2005. (Filing No. 38.) The hearing was continued at the Defendant's request until April 27, 2005, for an unknown reason (Filing No. 39), and then cancelled on April 26, 2005, at the Defendant's request. The case was returned to the trial docket. (Filing No. 45.) The Defendant then requested a continuance of the trial date, waiving speedy trial indefinitely to allow the Court to consider his motion to dismiss based on speedy trial grounds.

Considering the applicable principles together with the numerous delays, the parties requesting the delays, and the reasons for which the delays were requested, the Court finds that the Defendant has failed to show prejudice.

### 5. Conclusion - Sixth Amendment

For the reasons discussed, the Court concludes that Suarez-Perez's Sixth Amendment speedy trial rights have not been violated.

### B. *Fifth Amendment Due Process*

Suarez-Perez argues, offering no legal support, that the nunc pro tunc order (Filing No. 29) violated his Fifth Amendment due process and ex post facto rights. (Filing No. 56, Defendant's Brief, at 8.) Due process issues generally relate to pre- rather than post-indictment delays. *United States v. Purham,* 725 F.2d 450, 453 (8th Cir. 1984); *United States v. Barket,* 530 F.2d 189, 197 (8th Cir. 1976). The Court is unable to address this issue in any meaningful manner. The objection is denied.

## CONCLUSION

For the reasons, discussed, the Court concludes that the Defendant's objections to Judge Gossett's Report and Recommendation are denied, the Report and

Recommendation is affirmed, with the exception of an amendment to his factual findings. The Defendant's motion to dismiss is denied. This case will again be placed on the trial docket.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 54) is adopted in part and modified in part as follows:

    a. The Magistrate Judge's factual findings are amended as described above;

    b. Otherwise, the Magistrate Judge's Report and Recommendation is adopted;

2. The statement of objections to the Report and Recommendation (Filing No. 55) is denied;

3. The Defendant's Motion to Dismiss (Filing No. 47) is denied;

4. This case shall be placed on the trial docket, and further motions to continue will be viewed with disfavor. Any further motion to continue submitted by the defense should be accompanied by a speedy trial waiver signed by the Defendant and defense counsel's affidavit that the waiver has been read by and explained to the Defendant in his native language through a qualified interpreter.

DATED this 18th day of August, 2005.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge