**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR278** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **MIGUEL SUAREZ-PEREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on a Report and Recommendation (Filing No. 63) of a Magistrate Judge recommending that I accept the Defendant's plea of guilty. There are no objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record.

**FACTUAL BACKGROUND**

The Defendant, Miguel Suarez-Perez, was charged in a one-count Indictment with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The Defendant presented the Magistrate Judge with a petition to enter a plea of guilty. (Filing No. 65.) The petition does not bear the government attorney's signature. With the following statement handwritten on the petition the Defendant attempts to enter a conditional plea of guilty: "I reserve the right to appeal speedy trial rulings and sentencing rulings." (Filing No. 65, at 14.) The Court also notes that, in signing the petition, defense counsel crossed out certain words from paragraph 2 of the Court's standard certificate, indicated as follows by the stricken language: "The plea of guilty offered by the defendant to Count(s) I accords with my understanding of the facts ~~the defendant has related to me, is consistent with my advice to the defendant,~~ and in my

opinion is voluntarily and understandingly made." The parties did not enter into a plea agreement.

The Magistrate Judge and the parties discussed the issue presented by the government's unwillingness to agree to a conditional plea, culminating with Judge Gossett's statement:

> I'll just note for the record that based upon my information, which I had before the hearing, and based upon the information that I have received at the hearing, it's my belief that this factually was the - had the following circumstances: that the defendant wishes to plead what we would call straight up to the indictment, in other words, without plea agreement; that the defendant in this case completed a petition to enter a plea of guilty to the charge; and that in this case the Government made a determination that, number one, they would not sign the petition to enter the plea of guilty; number two, there was no plea agreement and they were not extending a written plea agreement.

(TR, at 29:7-18.)

Judge Gossett recommended that the plea be accepted based on the hearing and facts represented to him prior to the hearing. (*Id.;* Filing No. 63.) Neither party objected to Judge Gossett's recommendation.

## DISCUSSION

Federal Rule of Criminal Procedure 11(a)(2) provides: "**Conditional Plea.** With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Therefore, the entry of a conditional plea allowing a defendant to appeal a pretrial ruling plainly requires the government's

2

consent.[1] *See, e.g., United States v. Arrellano,* 213 F.3d 427, 430-31 (8th Cir. 2000) (concluding that the defendant waived his right to appeal the denial of his motion to suppress where the government refused to consent to a conditional guilty plea).

In deciding whether the plea was knowingly and voluntarily entered, the Court must look to the circumstances surrounding the signing and entry of the plea. *Id.* at 431. The record indicates that the Defendant is under the apparent mistaken assumption that he may reserve his right to appeal the denial of his motion to dismiss based on speedy trial although the government would not agree to a conditional plea. Under these circumstances, this Court cannot conclude that the Defendant's plea is knowing and voluntary.

Therefore, pursuant to NECrimR 11.2(d) the Court will refer this matter back to the Magistrate Judge for a hearing and further inquiry in light of Rule 11(a)(2) and the issue of a knowing and voluntary plea. The Court requests that a transcript of the hearing be prepared and that an Amended Report and Recommendation be filed specifically addressing the Court's concerns. The parties may then object to the Amended Report and Recommendation pursuant to NECrimR 11.2(c).

IT IS ORDERED:

1. The Report and Recommendation (Filing No. 63) is held in abeyance pending the Court's consideration of an Amended Report and

---

[1] The issue before the Court involves the asserted right to appeal from the denial of the motion to dismiss for an alleged violation of the Defendant's speedy trial rights (Filing No. 47). Because he did not waive his right to appeal from any sentence imposed, the Defendant may appeal sentencing issues.

Recommendation.  During this period the speedy trial clock shall be tolled pursuant to 18 U.S.C. § 3161(h)(1) & (h)(1)(F); and

2. This case is referred back to the Magistrate Judge for further proceedings consistent with this Memorandum and Order.

DATED this 17th of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge