**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR278 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIGUEL SUAREZ-PEREZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on remand from the Eighth Circuit Court of Appeals (Filing Nos. 95, 96, 97).

**FACTUAL BACKGROUND**

The Defendant, Miguel Suarez-Perez, was charged in a one-count Indictment with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. (Filing No. 1.) The Court denied his motion to dismiss for a violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* (Filing Nos. 54, 58.) Suarez-Perez entered a conditional plea, reserving the right to challenge the denial of his motion to dismiss on appeal. (Filing Nos. 70, 72, 75.) On appeal, the Eighth Circuit Court of Appeals considered this Court's January 20, 2005, nun pro tunc order supporting an ends of justice continuance by amending a previous order that granted a continuance but failed to include language supporting an ends of justice continuance (Filing No. 29). The Eighth Circuit concluded that, absent exceptional circumstances, an ends of justice continuance may not be granted after the expiration of the excluded period. The Eighth Circuit Court of Appeals reversed and remanded this case, directing this Court on remand to "determine, taking into account the factors specified in 18 U.S.C. § 3162(a)(2), whether the dismissal should be with or without prejudice." (Filing No. 95, at 2.)

## DISCUSSION

The factors to be considered in deciding whether to dismiss a case under the Speedy Trial Act with or without prejudice are: "among others . . . the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). These factors are addressed below.

### *Seriousness of the Offense*

In this case, the offense of possession with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), is considered "serious." *United States v. Koory,* 20 F.3d 844, 847 (8th Cir. 1994) (among other factors, the court determined that the offenses were serious based on the maximum statutory penalty of 60 years, a potential mandatory minimum sentence of 5 or 20 years, the fine, and the term of supervised release). Suarez-Perez was sentenced to the mandatory minimum ten years imprisonment and five years supervised release. Under the statute, if he were reprosecuted he would face between ten years and life imprisonment, up to a $4,000,000 fine, and at least five years supervised release.

### *Circumstances Leading to Dismissal*

The circumstances that lead to the dismissal involve the Court's error in ordering sua sponte a speedy trial act exclusion in a nunc pro tunc order. (Filing No. 29.) No appeal was filed from, and no objection was made to, the order. Other requested delays in the

case were primarily at the Defendant's request. (Filing Nos. 15, 39, 46.) The Defendant filed a speedy trial waiver. (Filing No. 51.)

The Defendant was arrested on January 28, 2004, on a related state drug charge. He was arrested federally on June 9, 2004, upon the dismissal of the state charge. He has been in custody since January 28, 2004. He has begun serving his sentence, and the Bureau of Immigration and Customs Enforcement ("ICE") has filed a detainer.

The Eighth Circuit Court of Appeals concluded that 85 days elapsed on the speedy trial clock. (Filing No. 93.)

### *Effect of Reprosecution*

Reprosecution would not undermine the Speedy Trial Act or the administration of justice in light of the following: neither party objected to the Court's action that was found to be in error; the government did not use the delay to its advantage; the Defendant requested at least three delays and filed a speedy trial waiver; the delay of fifteen days was not particularly egregious; the Defendant's initial five months in custody were pursuant to the related dismissed state charge; and the Defendant is subject to an ICE detainer.

### CONCLUSION

Viewing all relevant factors, the dismissal should be without prejudice. Where an offense is serious, "the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Cardona-Rivera,* 64 F.3d 361, 363-64 (8th Cir. 1995) (stating that a sixty-one day delay alone was not substantial enough to warrant a dismissal with prejudice). Finally, when the delay is attributed to a court, "dismissal with prejudice is not favored. *Id.* at 364 (stating that much of the delay was due to the

magistrate judge's caseload and the district court's congested calendar).  *See also United States v. Hamell,* 3 F.3d 1187, 1189 (8th Cir. 1993) (dismissing the case without prejudice, noting in part that the court was responsible for the delay).

For the reasons discussed, the Court concludes that this case should be dismissed without prejudice.

DATED this 10th day of May, 2007.

                BY THE COURT:

                S/Laurie Smith Camp
                United States District Judge